(623 P.2d 544)
No. 50,999

SECURITY STATE BANK OF SCOTT CITY, KANSAS, *Appellee*, v. ALBERT T. COBERLY and MERLYNN COBERLY and THE FIRST NATIONAL BANK OF DIGHTON, KANSAS, *Appellants*.

Petition for review denied March 25, 1981.

Opinion filed February 13, 1981.

*Craig D. Kershner*, of Dighton, for the appellants.

*John Shirley*, of Wallace, Brantley & Shirley, of Scott City, for the appellee.

Before REES, P.J., ABBOTT and PARKS, JJ.

PARKS, J.: Plaintiff Security State Bank of Scott City brought this suit seeking a declaratory judgment that a particular tract of land owned by defendants Albert and Merlynn Coberly was not exempt from execution on the judgment lien held by plaintiff. The trial court held that defendants' property did not qualify for a homestead exemption. Defendants appeal.

The statutory (K.S.A. 1980 Supp. 60-2301) and constitutional (Kan. Const. art. 15, § 9) definitions of the homestead exemption both require that the property be "occupied as a residence by the owner or by the family of the owner" at the time the exemption is claimed. However, Kansas courts have recognized a constructive occupancy exception and will extend the homestead exemption to certain properties even though they were not actually occupied at the time the judgment lien attached.

The defendants did not actually occupy the property in question until April 12, 1976, thirteen days after the judgment lien would otherwise have attached. However, for eight months prior to the occupation, the Coberlys undertook extensive steps preparatory to occupying the land. They had the well cleaned and purified, notified their mortgagee that their mobile home was being moved, poured a foundation for the home, and had the electricity connected. They also made repeated efforts to move the

mobile home to the Lane County property, but were thwarted in these attempts by bad weather and a series of mechanical mishaps.

The trial court reviewed these facts, holding that while the Coberlys had made "an extraordinary effort," their home was not occupied until after the judgment lien attached. The trial court also suggested that the constructive occupancy principle did not apply because defendants did not *acquire* the land with the intent to occupy it as a residence. *Bush v. Adams,* 72 Kan. 556, 84 Pac. 122 (1906).

The constructive occupancy exception is usually phrased in the following manner:

"A purchase of a homestead with a view to occupancy, followed by occupancy within a reasonable time, receives from the time of purchase a homestead exemption from seizure upon execution or attachment." *Monroe v. May, Weil & Co.,* 9 Kan. 466, Syl. ¶ 3 (1872).

However, the exception has not been confined to situations in which the debtors purchase the homestead property; the intent to occupy a homestead may be established by other facts. For example, in *Angola State Bank v. Fry,* 130 Kan. 641, 287 Pac. 245 (1930), defendants learned on February 11th that the family farm had been devised to Mrs. Fry. The Frys decided to move to the farm and notified the tenant renting the land of their intention. After the tenant surrendered possession on March 9th, the Frys immediately began making repairs on the property and moved in six or seven days later. The attachment lien was issued on February 26th when the only overt conduct demonstrating an intent to make the farm a homestead was the Frys' notice to terminate the tenancy for the express purpose of occupying the land themselves. Nonetheless, this expression of future intent to occupy was sufficient to satisfy the court that the Frys correctly received the benefit of the homestead exemption.

We conclude that the elements critical to an extension of the constructive occupancy exception are a manifestation of the intent to occupy the land as a homestead and actual occupation within a reasonable time thereafter. The Coberlys' repeated efforts to move their home and the undisputed evidence of their preparation of the land for habitation established both their intent and the timeliness of their actual occupation.

The trial court's denial of the exemption to the Coberlys was

premised on a restricted interpretation of *Bush,* which is clearly a distinguishable case. There the debtors also decided to occupy the farm they had held for a number of years; however, the judgment lien attached before any overt act was taken which might have evidenced a homesteading intent. The denial of the exception in *Bush* was based on the lack of *any* evidence to demonstrate the defendants' state of mind.

The obvious homesteading efforts taken by the Coberlys bring this case within the constructive occupancy rule. We conclude that the trial court erred when it held that the property was not the defendants' homestead at the time the judgment lien would have otherwise attached.